**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

KIMBERLY LOSADA,                                    3:20-CV-00068-BR

        Plaintiff,                                OPINION AND ORDER

v.

CLATSOP COUNTY,

        Defendant.


**DAMIEN T. MUNSINGER**
**RUSSELL GEORGE GOMM**
Klein Munsinger LLC
1215 S.E. 8th Avenue
Suite F
Portland, OR 97214-3497
(503) 568-1078

        Attorneys for Plaintiff

**ANDREW D. CAMPBELL**
Heltzel Williams, PC
P.O. Box 1048
Salem, OR 97308
(503) 585-4422

        Attorneys for Defendant


1 - OPINION AND ORDER

BROWN, Senior Judge.

This matter comes before the Court on Defendant's Motion (#8) to Dismiss Plaintiff's First Amended Complaint.  The Court concludes the record is sufficiently developed such that oral argument would not be helpful to resolve this Motion.  For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.  The Court also **GRANTS** Plaintiff leave to file a Second Amended Complaint **no later than June 8, 2020,** to cure the deficiencies set out in this Opinion and Order.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and the parties' filings related to Defendant's Motion to Dismiss and are taken as true unless otherwise noted.

On July 5, 2005, Plaintiff Kimberly Losada began working for Defendant Clatsop County as a staff assistant in the Parole and Probation Division.

At some point in 2011 the Clatsop County Sheriff's Office "took over the Clatsop County Parole and Probation Division" and Lieutenant Kristen Hanthorn "became [Plaintiff's] supervisor."[1] First Am. Compl. at ¶ 10.  Plaintiff alleges Lieutenant Hanthorn

---

[1] Plaintiff alleges her "immediate supervisor" in August 2018 was Lisa Griggs.  It is unclear when Griggs became Plaintiff's immediate supervisor.

> began to subject [Plaintiff] to serious bullying
> and harassment.  Lt. Hanthorn treated [Plaintiff]
> . . . not just unprofessionally but was
> intentionally and maliciously abusive.
> Lt. Hanthorn continually spoke to [Plaintiff]
> demeaningly and dismissively and spoke
> derogatorily of [Plaintiff] to her o-workers.
> Lt. Hanthorn fabricated excuses to criticize
> [Plaintiff's] work and falsely accused her of
> policy violations.  When [Plaintiff] asked
> Lt. Hanthorn valid questions regarding procedures
> or projects, Lt. Hanthorn would tell her that her
> questions were "stupid" or "dumb" and react with
> eye-rolling and heavy sighs.  Lt. Hanthorn made
> disparaging and belittling comments against
> [Plaintiff] based on Ms. Losada's gender and sex,
> including that [Plaintiff] was "high maintenance,"
> that [Plaintiff] dressed "too sexy" for her job,
> and that women like [Plaintiff] did not belong in
> law enforcement.

First Am. Compl. at ¶¶ 10-11.  Plaintiff alleges Lieutenant

Hanthorn subjected her to "hostile, malicious, demeaning, and

sexist treatment at close range, on a daily basis, for years."

First Am. Compl. at ¶ 12.

In 2014 Plaintiff filed a complaint with her employer

"regarding Lt. Hanthorn's abuse."  First Am. Compl. at ¶ 14.

Plaintiff alleges an investigation by the Clatsop County Human

Resources Department "confirmed the truthfulness of [Plaintiff's]

complaints," and Lieutenant Hanthorn "was chastised and was

induced to mouth an apology to [Plaintiff] for her horrible

treatment of her."  *Id.*

Plaintiff alleges Lieutenant Hanthorn's behavior improved

"for a short time," but she "soon returned to her prior bullying

and abusive treatment of" Plaintiff.  First Am. Compl. at ¶ 15.

3 - OPINION AND ORDER

In August 2018 Lieutenant Hanthorn accused Plaintiff of misreporting her clock-in time.  Plaintiff complained "to her immediate supervisor, Lisa Griggs, of Lieutenant Hanthorn's false accusation that she had mis-reported her clock-in time."  First Am. Compl. at ¶ 17.  Griggs reviewed security camera footage and found Plaintiff had not done so.  On August 29, 2018, Plaintiff filed a written complaint with the Clatsop County Human Resources Department about Lieutenant Hanthorn's allegation that Plaintiff had misreported her clock-in time "and a long line of other incidents of Lt. Hanthorn's ongoing harassment."  *Id*.  Plaintiff alleges the Human Resources department investigated and concluded Plaintiff's "complaints were well-founded and that Lt. Hanthorn had engaged in egregious unprofessional, abusive, and gender-biased behavior."  First Am. Compl. at ¶ 18.  Lieutenant Hanthorn was directed to avoid Plaintiff "unless there was a business need to interact with her," but she did not obey that directive and "intensified her harassment of" Plaintiff.  *Id*. at ¶¶ 18-19.

Plaintiff ended her employment with Defendant on August 30, 2019.

On January 13, 2020, Plaintiff filed a Complaint in this Court against Clatsop County and Lieutenant Hanthorn alleging claims for sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a), and Oregon Revised Statutes § 659A.030(1)(a)-(b); retaliation in violation of Oregon Revised

Statutes § 659A.030(1)(f); aiding and abetting unlawful
employment practices in violation of Oregon Revised Statutes
§ 659A.030(1)(g); and whistleblower retaliation in violation of
Oregon Revised Statutes § 659A.203.

On February 19, 2020, before Defendants filed an Answer,
Plaintiff filed a First Amended Complaint in which she
brings claims only against Clatsop County for Title VII,
42 U.S.C. § 2000e-2(a), and Oregon Revised Statutes
§ 659A.030(1)(a)-(b); retaliation in violation of Oregon
Revised Statutes § 659A.030(1)(f); and whistleblower
retaliation in violation of Oregon Revised Statutes § 659A.203.

On March 11, 2020, Defendant filed a Motion to Dismiss
Plaintiff's First Amended Complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim.

The Court took this matter under advisement on April 8,
2020.

## STANDARDS

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955
> [(2007)]. A claim has facial plausibility when
> the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that
> the defendant is liable for the misconduct
> alleged. *Id.* at 556. . . . The plausibility
> standard is not akin to a "probability
> requirement," but it asks for more than a sheer

> possibility that a defendant has acted unlawfully.
> *Ibid*.  Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability,
> it "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"  *Id*.
> at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).


## **DISCUSSION**

As noted, Defendant moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim.

## I.  **Plaintiff's First and Second Claims for Sex Discrimination in Violation of Title VII and Oregon Revised Statutes § 659A.030(1)(a)-(b)**

Defendant moves to dismiss Plaintiff's First and Second

Claims for sex discrimination in violation of Title VII and
Oregon Revised Statutes § 659A.030(1)(a)-(b) on the ground that
Plaintiff fails to state a claim.

"'Claims brought under . . . Oregon Revised Statutes
§ 659A.030 are analyzed under the same legal standards' as
those brought pursuant to Title VII." *Wilkins v. Brandman
Univ.*, No. 3:17-CV-01099-BR, 2019 WL 3558172, at *8 (D. Or.
Aug. 5, 2019)(quoting *Gollah v. City of Millersburg*, No. 6:18-
CV-01412 -MC, 2018 WL 6183268, at *2 (D. Or. Nov. 27, 2018)).
*See also Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011)
(affirming the district court's conclusion that "[b]ecause the
Oregon Revised Statutes § 659A.030 was modeled after Title VII,
plaintiff's state and federal gender discrimination claims can be
analyzed together.").

Plaintiff alleges in her First Claim that Defendant violated
Title VII when

> Defendant acted against Plaintiff as alleged
> herein under circumstances in which Defendant did
> not and would not have acted similarly as against
> similarly situated male employees.
>
> Defendant, through its agent, harassed Plaintiff
> based on Plaintiff's sex and thereby created a
> work environment that was hostile towards and
> discriminated against Plaintiff in the terms and
> conditions of her employment based on sex.

First Am. Compl. at ¶¶ 25-26.  In her Second Claim Plaintiff
alleges Defendant violated Oregon Revised Statutes
§ 659A.030(1)(a)-(b) when

7 - OPINION AND ORDER

> Defendant, through its agent, harassed Plaintiff
> based on Plaintiff's sex and thereby created a
> work environment that was hostile towards and
> discriminated against Plaintiff in the terms and
> conditions of her employment based on sex.
>
> Defendant's permitting and failure to address,
> halt, or remedy Lt. Hanthorn's harassment of
> Plaintiff based on Plaintiff's sex further created
> a work environment that was hostile towards and
> discriminated against Plaintiff in the terms and
> conditions of her employment based on sex.

First Am. Compl. at ¶¶ 34-35.

Although it is not entirely clear from Plaintiff's allegations, it appears she is asserting claims for both disparate treatment and hostile work environment in violation of Title VII and Oregon statutes.

### A. Plaintiff's First and Second Claims for Disparate Treatment in Violation of Title VII and Oregon Revised Statutes § 659A.030(1)

To state a claim for disparate treatment a plaintiff must allege

> (1) she belongs to a protected class, (2) she was
> qualified for the position in question, (3) she
> was subject to an adverse employment action, and
> (4) similarly situated individuals outside her
> protected class were treated more favorably.

*Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018)(citing *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000)).

As noted, in her First Amended Complaint Plaintiff asserts

> Defendant acted against Plaintiff as alleged

8 - OPINION AND ORDER

herein under circumstances in which Defendant did
not and would not have acted similarly as against
similarly situated male employees.

* * *

[Defendant] discriminated against Plaintiff in the
terms and conditions of her employment based on
sex.

First Am. Compl. at ¶¶ 25, 35.  Defendant, however, asserts

Plaintiff fails to state a claim because she does not point to

any similarly situated individuals outside of her protected class

who were treated more favorably.  Plaintiff alleges only that

Defendant "would not have acted similarly as against similarly

situated male employees," but  does not allege any facts to

support her assertion.  First Am. Compl. at ¶ 25.  Vague or

conclusory allegations such as these, however, are insufficient

to state a claim.  *See, e.g., Greenlaw v. Adams*, 475 F. App'x 179

(9th Cir. 2012)("[C]onclusory allegations . . . and unwarranted

inferences are not sufficient to defeat a motion to dismiss.")

(quotation omitted)); *Redwind v. W. Union, LLC*, No. 3:18-CV-

02094-SB, 2019 WL 3069864, at *4 (D. Or. June 21, 2019), report

and recommendation adopted, No. 3:18- CV-2094-SB, 2019 WL 3069841

(D. Or. July 12, 2019)("Redwind has not alleged the final

required element.  Although Redwind alleges that Western Union

treats Latinx employees more favorably, Redwind does not allege

that these employees are similarly situated or that Western pays

them a higher salary."); *Simons v. Costco Wholesale Corp.*,

9 - OPINION AND ORDER

No. 3:18-cv-00755-SB, 2018 WL 7078666, at *3 (D. Or. Dec. 6, 2018)(finding a plaintiff's allegation that he was demoted "for a purported improper employee practice, for which similarly situated Caucasian colleagues were neither disciplined, nor demoted" was "no more than a conclusory assertion that Plaintiff and his co-workers were similarly situated" because the plaintiff did "not describe the purported improper employment practice at issue, or allege facts related to the circumstances of Defendant's differential treatment"); *Demekpe v. Cty. of Los Angeles*, No. 15-cv-06007, 2015 WL 13237302, at *8 (C.D. Cal. Dec. 8, 2015)(the plaintiff "failed to allege facts showing that he was 'similarly situated' to" employees outside of his protected class when the plaintiff alleged "only vague facts about his own conduct and no facts about the conduct" of the other employees); *Barrett v. Kaiser Found. Health Plan of the NW*, No. 3:14-cv- 020160-SI, 2015 WL 1491037, at *3 (D. Or. Apr. 1, 2015)(dismissing the plaintiff's Title VII disparate-treatment claim because the plaintiff provided "no more than a conclusory assertion that [the] [p]laintiff and [his comparator] were similarly situated" and failed to allege any facts about his comparator's circumstances); *Brown v. Litchfield Elementary Sch. Dist. No. 79*, No. 10-2808, 2011 WL 2976874, at *3 (D. Ariz. Jul. 22, 2011)(dismissing the plaintiff's race-discrimination claim because the plaintiff did not allege any "facts to

demonstrate that she and the [comparator] . . . displayed similar conduct").

On this record the Court concludes Plaintiff fails to state a claim for disparate treatment. Accordingly, the Court grants Defendant's Motion to Dismiss that portion of Plaintiff's First and Second Claims for disparate treatment.

**B.   Plaintiff's First and Second Claims for Hostile Work Environment in Violation of Title VII and Oregon Revised Statutes § 659A.030(1)**

To state a claim for hostile work environment a plaintiff must allege:

> (1) the defendants subjected her to verbal or physical conduct based on her [gender]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

*Tatum v. Davita Healthcare Partners, Inc.*, 790 F. App'x 58, 59 (9th Cir. 2019)(quotation omitted).  *See also Campbell*, 892 F.3d at 1016 ("To establish a *prima facie* case, [the plaintiff] must be able to show that, because of her . . . sex, she was subjected to unwelcome conduct that was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.")(quotation omitted)).

Courts have made clear "not all workplace conduct that may be described as 'harassment' affects a 'term, condition, or privilege' of employment within the meaning of Title VII." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).  For

11 - OPINION AND ORDER

example, conduct that "cannot reasonably be inferred as . . . motivated [by membership in a protected class] (*e.g.,* mockery of bathroom request)" does not support a hostile-work environment claim. *Farrens v. Esper*, No. 18-56024, 2020 WL 1288453, at *1 n.2 (9th Cir. Mar. 18, 2020).  Similarly, conduct that is insufficiently severe or pervasive does not support a claim for hostile work environment. *See, e.g., Rhodes v. Scottsdale Cmty. Coll.,* No. CV-18-02063-PHX-RCC, 2019 WL 7194694, at *4 (D. Ariz. Dec. 26, 2019)(dismissing the plaintiff's hostile work environment claim on the ground that the plaintiff failed to plead facts that showed a sufficiently hostile work environment when the plaintiff alleged his supervisor "called him 'too old' and 'too fat'" to work as Front of House Manager or Executive Chef; "sent an email to the hiring board, falsely stating that Plaintiff's job performance was subpar"; gave the plaintiff a negative performance review; and cancelled one of the plaintiff's culinary classes); *Kortan v. Cal. Youth Auth*., 217 F.3d 1104, 1107 (9th Cir. 2000)(the plaintiff alleged her supervisor mailed postcards to her home; stated females are "castrating bitches" and histrionic; and called the plaintiff "Medea," but the plaintiff did not sufficiently state a hostile work environment claim); *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (the plaintiff alleged coworkers made racist remarks, called him "China man," and "pulled their eyes back with their fingers in an

attempt to imitate or mock the appearance of Asians," but the plaintiff did not sufficiently state a hostile work environment claim).

Plaintiff alleges claims for hostile work environment in her First and Second Claims as follows:

> Defendant, through its agent, harassed Plaintiff based on Plaintiff's sex and thereby created a work environment that was hostile towards and discriminated against Plaintiff in the terms and conditions of her employment based on sex.
>
> * * *
>
> Defendant's permitting and failure to address, halt, or remedy Lt. Hanthorn's harassment of Plaintiff based on Plaintiff's sex further created a work environment that was hostile towards . . . Plaintiff.

First Am. Compl. at ¶¶ 26, 35.  In support of her claims for hostile work environment Plaintiff alleges:

- Beginning in 2011 Lieutenant Hanthorn "began to subject [Plaintiff] to serious bullying and harassment";

- Lieutenant Hanthorn treated Plaintiff "not just unprofessionally but was intentionally and maliciously abusive";

- Lieutenant Hanthorn spoke to Plaintiff "demeaningly and dismissively and spoke derogatorily of [Plaintiff] to her co-workers";

- Lieutenant Hanthorn falsely accused Plaintiff of

internal policy violations;

- Lieutenant Hanthorn told Plaintiff that her questions were stupid or dumb and reacted to Plaintiff's "questions with eye-rolling and heavy sighs";

- Lieutenant Hanthorn stated Plaintiff was "high maintenance," dressed "too sexy" for her job, and "women like [Plaintiff] did not belong in law enforcement";

- when Plaintiff filed a complaint "regarding Lieutenant Hanthorn's abuse," the Clatsop County Human Resources Department "confirmed the truthfulness of" Plaintiff's complaints and required Lieutenant Hanthorn to apologize to Plaintiff;

- Lieutenant Hanthorn, however, "returned to her prior bullying and abusive treatment" of Plaintiff;

- In August 2018 Lieutenant Hanthorn falsely accused Plaintiff of misreporting her clock-in time;

- The Clatsop County Human Resources Department investigated and concluded Lieutenant Hanthorn "had engaged in egregious unprofessional, abusive, and gender-biased behavior."

14 - OPINION AND ORDER

Although Plaintiff alleges Lieutenant Hanthorn repeatedly engaged
in abusive and bullying behavior towards Plaintiff, she only
identifies four specific examples to support her claim:  In 2018
Lieutenant Hanthorn falsely accused Plaintiff of misreporting her
clock-in time and at some point between 2011 and 2019 Lieutenant
Hanthorn said Plaintiff was "high maintenance," dressed "too
sexy" for her job, and "women like [Plaintiff] did not belong in
law enforcement."

        A false accusation of misreporting a clock-in time,
like the example in *Farrens* of mocking "a bathroom request," is
not conduct that can "reasonably be inferred as . . . motivated
[by membership in a protected class]" and, therefore, does not
support a hostile-work environment claim.  *Farrens*, 2020 WL
1288453, at *1 n.2.  Similarly, comments that Plaintiff is high
maintenance or dressed "too sexy" are not comments that this
Court can reasonably infer are motivated by Plaintiff's gender.
In addition, even if the Court inferred Lieutenant Hanthorn's
comment that women "like Plaintiff" do not belong in law
enforcement as a comment "motivated by" Plaintiff's gender, it is
clear that one comment in an eight-year period is insufficient to
support a claim for hostile work environment.  For example, in
*Vasquez v. County of Los Angeles* the plaintiff alleged the
defendant "continually harassed him but [the plaintiff]
provide[d] specific factual allegations regarding only a few

incidents." 349 F.3d 634, 642-43 (9th Cir. 2003). Specifically,
the plaintiff alleged the defendant made the following statements
"more than six months apart": that the plaintiff "had 'a typical
Hispanic macho attitude' and that he should consider transferring
to the field because 'Hispanics do good in the field'"; that the
defendant yelled at the plaintiff in front of others on two
occasions; and that the defendant made two "false complaint[s]"
about the plaintiff a year apart, one in response to a
supervisor's request for information and one in an incident
report. *Id*. at 643. The Ninth Circuit held the district court
did not err when it dismissed the plaintiff's hostile work
environment claim because "the events in this case are not severe
or pervasive enough to violate Title VII." *Id*. *See also Kortan*,
217 F.3d at 1107 (the plaintiff, who alleged her supervisor
mailed postcards to her home, stated females are "castrating
bitches," and called the plaintiff "Medea," did not state a claim
for hostile work environment); *Manatt*, 339 F.3d at 798 (plaintiff
did not state a claim for hostile work environment when he
alleged coworkers made racist remarks, called him "China man,"
and "pulled their eyes back with their fingers in an attempt to
imitate or mock the appearance of Asians."); *Sanchez v. City of
Santa Ana,* 936 F.2d 1027 (9th Cir. 1990)(the court dismissed the
plaintiff's hostile work environment claim on the ground that no
reasonable jury could have found a hostile work environment

existed despite allegations that the employer posted a racially offensive cartoon, made racially offensive slurs, targeted Latinos when enforcing rules, provided unsafe vehicles to Latinos, did not provide adequate police backup to Latino officers, and kept illegal personnel files on plaintiffs because they were Latino); *Jefferson v. Sup. Ct. of Cal.*, No. EDCV07700VAPJCRX, 2008 WL 11336497, at *6 (C.D. Cal. Oct. 16, 2008)(court granted the defendant's motion to dismiss the plaintiff's claim for hostile work environment on the ground that "[f]our instances of alleged racial discrimination over a period of seventeen years do not allege conduct sufficiently severe or pervasive to violate Title VII.").

Pursuant to the holdings in *Vasquez*, *Kortez*, *Manatt*, and *Sanchez* the Court concludes even if it found all four of Plaintiff's specific allegations regarding Lieutenant Hanthorn's conduct constituted conduct that could "reasonably be inferred as . . . motivated [by Plaintiff's membership in a protected class]," those four incidents over eight years are insufficient to state a claim for hostile work environment. Cases in which courts have found plaintiffs have established a hostile work environment involved significantly more severe and pervasive conduct motivated by the plaintiffs' memberships in protected classes than Plaintiff alleges here. For example, in *Nichols v. Azteca Restaurant Entertainers* the Ninth Circuit found the

17 - OPINION AND ORDER

plaintiff had sufficiently alleged a hostile work environment when the plaintiff alleged he was called "faggot" and "fucking female whore" by co-workers and supervisors at least once a week and several times per day.  256 F.3d 864, 872-73 (9th Cir. 2001). Similarly, in *Draper v. Coeur Rochester, Inc.,* the Ninth Circuit found the plaintiff had alleged facts sufficient to state a claim for hostile work environment when the plaintiff stated her supervisor made repeated sexual remarks about her over a two-year period, including calling her "gorgeous" and "beautiful" rather than her name, telling her about his sexual fantasies and his desire to have sex with her, commenting on her "ass," and asking over a loudspeaker whether she needed help changing clothes.  147 F.3d 1104, 1109 (9th Cir. 1998).

        The Court, therefore, concludes on this record that Plaintiff has not alleged facts sufficient to state a claim for hostile work environment.  Accordingly, the Court grants Defendant's Motion to Dismiss that portion of Plaintiff's First and Second Claims for hostile work environment.

        In summary, the Court concludes Plaintiff has not stated a claim for sex discrimination under either Title VII or Oregon Revised Statutes § 659A.030(1).  Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's First and Second Claims.

## II.  Plaintiff's Third Claim for Retaliation in Violation of Oregon Revised Statutes § 659A.030(1)(f)

In her Third Claim for Retaliation in Violation of Oregon Revised Statutes § 659A.030(1)(f) Plaintiff alleges Defendant retaliated against her for making reports to the Clatsop County Human Resources Department about Lieutenant Hanthorn's behavior in 2014 and 2018.

Defendant moves to dismiss Plaintiff's Third Claim for retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) on the grounds that the portion of Plaintiff's retaliation claim based on her 2014 report is untimely and Plaintiff fails to state a claim as to the portion of her retaliation claim based on her 2018 report.

### A.  That portion of Plaintiff's Third Claim based on her 2014 report is untimely.

Oregon Revised Statutes § 659A.030(1)(f) makes it an unlawful employment practice for "any person to discharge . . . or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so."

Claims brought pursuant to § 659A.030 are subject to the limitations period found in Oregon Revised Statutes § 659A.875(1), which provides a claim must be brought "within one year after the occurrence of the unlawful employment practice

19 - OPINION AND ORDER

unless a complaint has been timely filed [with the Oregon Bureau of Labor and Industries (BOLI)] under ORS 659A.820." In turn, Oregon Revised Statutes § 659A.820(2) requires a plaintiff to file a complaint with BOLI no "later than one year after the alleged unlawful practice." "The filing of [a] BOLI complaint does not change the one-year requirement [found in § 659A.875(1)], but it allows an aggrieved employee an additional 90 days to file a civil action after BOLI issues its notice." *Bieker v. City of Portland*, No. 3:16-CV-00215-BR, 2016 WL 3769753, at *6 (D. Or. July 14, 2016).

Courts have held incidents that occur outside of the limitations period cannot be used to support a plaintiff's claim for retaliation under § 659A.030(1)(f). *See, e.g., Mousleh v. Gladstone Auto, LLC*, No. 03:10-CV-1562-HZ, 2012 WL 2574812, at *3 (D. Or. July 3, 2012)("Claims under ORS § 659A.030 have a one-year statute of limitations. ORS § 659A.875(1). Thus, incidents that occurred before December 23, 2009 cannot be used to support Plaintiff's state claims."). Courts have also concluded the continuing-tort doctrine does not apply to retaliation claims such as those at issue here. As the court explained in *Mousleh*:

> Under [the continuing-tort] doctrine, "'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges', [in contrast,] 'a hostile work environment claim will not be time barred [as] long as all acts which constitute the

claim are part of the same unlawful employment
practice and at least one act falls within the
time period'[.]" *Lyons v. England*, 307 F.3d 1092,
1105-1106 (9th Cir. 2002)(quoting *AMTRAK v.
Morgan*, 536 U.S. 101, 113 (2002)).[2]  Thus, if
applicable, the continuing tort doctrine would
only apply to Plaintiff's state hostile work
environment claim for incidents that were part of
a systematic pattern of conduct that resulted in
an injury.

2012 WL 2574812, at *3.

Here Plaintiff does not identify the date that she
filed her BOLI complaint.  Plaintiff, however, alleges in her
First Amended Complaint that she received a Notice of Right to
Sue on December 19, 2019.  The Court, therefore, can reasonably
infer on this record that Plaintiff did not file her complaint
with BOLI within one year of her 2014 report to the Clatsop
County Human Resources Department.  As a result, the Court
concludes that portion of Plaintiff's retaliation claim based on
her 2014 report is time-barred.

Accordingly, the Court grants Defendant's Motion to
Dismiss that portion of Plaintiff's claim for retaliation in
violation of Oregon Revised Statutes § 659A.030(1)(f) that is
based on her 2014 report to the Clatsop County Human Resources
Department.

---

[2] As noted, "[t]he . . . analysis for retaliation under
Title VII and ORS § 659A.030 is substantially similar, and courts
analyze the claims together." *Lindsey v. Clatskanie People's
Utility Dist*., 140 F. Supp. 3d 1077, 1086 (D. Or. 2015).

**B.    Plaintiff has not alleged facts sufficient to state a claim for retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) related to her 2018 report.**

"Oregon law . . . prohibits retaliation in employment against a person who has opposed or complained of unlawful discrimination." *Sereno-Morales v. Cascade Food, Inc.*, 819 F. Supp. 2d 1148, 1153 (D. Or. 2011). "In other words, [when] an employee is acting to vindicate [her] right to be free from workplace discrimination, the employee may not be subject to an adverse employment action as a result of such efforts." *Id.* at 1154.

To state a claim for retaliation under § 659A.030(1)(f) a plaintiff must "allege sufficient facts to show" that she

> (1) engaged in protected activity, such as filing a complaint regarding violations of law or otherwise opposing an unlawful practice; (2) was subjected to an adverse employment action; and (3) the plaintiff's statutorily protected activity was a substantial factor in the employer's adverse employment.

*Ewing v. City of Toledo*, No. 6:18-CV-01626-MK, 2020 WL 1845814, at *11 (D. Or. Feb. 21, 2020), report and recommendation adopted, No. 6:18-CV-01626-MK, 2020 WL 1821453 (D. Or. Apr. 10, 2020) (citing *Sereno-Morales*, 819 F. Supp. 2d at 1153; *Portland State Univ. Ch. of Amer. Ass'n of Univ. Profs.*, 352 Or. 697, 712 (2012); and *Medina v. State*, 278 Or. App. 579, 588 (2016)).

Plaintiff alleges the following with respect to her 2018 report:

22 - OPINION AND ORDER

> In August 2018, . . . Lt. Hanthorn falsely accused
> [Plaintiff] of mis-reporting her clock-in time
> . . . . [Plaintiff] complained to her immediate
> supervisor, Lisa Griggs, [about] Lt. Hanthorn's
> false accusation that she had mis-reported her
> clock-in time[.]  Ms. Griggs reviewed the relevant
> security camera footage and confirmed that
> [Plaintiff] had been truthful and Lt. Hanthorn's
> allegations were false.  On August 29, 2018,
> [Plaintiff] filed a written complaint with the
> Clatsop County Human Resources Department
> complaining of this and a long line of other
> incidents of Lt. Hanthorn's ongoing harassment.
>
> The County Human Resources Department . . .
> investigated and determined that [Plaintiff's]
> complaints were well founded and that Lt. Hanthorn
> had engaged in egregious unprofessional, abusive,
> and gender-biased behavior.  However, . . . the
> County Human Resources Director stated that she
> had no authority to require Lt. Hanthorn to
> refrain from sexist abuse of subordinate
> employees.  The only remedy offered to [Plaintiff]
> was that Lt. Hanthorn was instructed to avoid
> [Plaintiff] unless there was a business need to
> interact with her.
>
> Lt. Hanthorn did not obey the directive to avoid
> [Plaintiff] and instead resumed her previous
> pattern of harassment.  In fact, Lt. Hanthorn
> intensified her harassment of [Plaintiff] in
> retaliation for [Plaintiff's] complaining of Lt.
> Hanthorn's behavior to Human Resources.

First Am. Compl. at ¶¶ 17-19.  Although Plaintiff references a

finding by the Clatsop County Human Resources Department that

Lieutenant Hanthorn engaged in "egregious unprofessional,

abusive, and gender-biased behavior," Plaintiff does not include

in her First Amended Complaint the specific allegations of

"gender bias" about which she complained to the Human Resources

Department.  Plaintiff alleges only that she reported Lieutenant

Hanthorn had falsely accused her of misreporting her clock-in time together with "a long line of [unspecified] other incidents." Plaintiff's allegations do not include the required degree of specificity to show that Plaintiff was "acting to vindicate [her] right to be free from [the kind of] workplace discrimination" that is prohibited by Oregon Revised Statutes § 659A.030. *See Biggs v. City of St. Paul*, No. 6:18- CV-506-MK, 2019 WL 4575839, at *16 (D. Or. Mar. 7, 2019), report and recommendation adopted *sub nom. Koch v. City of St. Paul*, No. 6:18-CV-0507-MK, 2019 WL 4544268 (D. Or. Sept. 18, 2019) ("bullying, general harassment, unlawful spending, and violations of the City's charter" are "complaints that do not fall under the protections afforded by ORS 659A.030"). *See also Gahano v. Sundial Marine & Paper*, No. 05-CV-1946-BR, 2007 WL 4462423, at *7 (D. Or. Dec. 14, 2007)("Title VII and § 659A.030 do not constitute a 'general civility code.'")(quoting *Manatt*, 339 F.3d at 798)).

The Court concludes on this record that Plaintiff fails to plead facts sufficient to state a claim for retaliation under § 659A.030(1)(f) as to her 2018 report. The Court, therefore, grants Defendant's Motion to Dismiss Plaintiff's Third Claim for retaliation in violation of Oregon Revised Statutes § 659A.030(1)(f) related to her 2018 report.

In summary, the Court grants Defendant's Motion to Dismiss

Plaintiff's Third Claim for retaliation in violation of
§ 659A.030(1)(f) in its entirety.

## III. Plaintiff's Fourth Claim for Whistleblower Retaliation in Violation of Oregon Revised Statutes § 659A.203

In her Fourth Claim for whistleblower retaliation in
Violation of Oregon Revised Statutes § 659A.203 Plaintiff alleges
Defendant retaliated against her for making untimely to the
Clatsop County Human Resources Department about Lieutenant
Hanthorn's behavior in 2014 and 2018.

Defendant moves to dismiss Plaintiff's Fourth Claim for
whistleblower retaliation in violation of Oregon Revised Statutes
§ 659A.203 on the grounds that the portion of Plaintiff's
whistleblower-retaliation claim based on her 2014 report is
untimely and Plaintiff fails to state a claim as to that portion
of her whistleblower-retaliation claim based on her 2018 report.

### A. That portion of Plaintiff's Fourth Claim for whistleblower retaliation based on her 2014 report is untimely.

Whistleblower-retaliation claims brought pursuant to
§ 659A.203 are subject to the limitations period in Oregon
Revised Statutes § 659A.875(1), which, as noted, provides a claim
must be brought "within one year after the occurrence of the
unlawful employment practice unless a complaint has been timely
filed [with the Oregon Bureau of Labor and Industries (BOLI)]
under ORS 659A.820." *See Bieker*, 2016 WL 3769753, at *6

(explaining Oregon Revised Statutes § 659A.875(1) provides the statute of limitations for claims brought under Oregon Revised Statutes § 659A.203); *Daniel v. Or. Health & Scis. Univ.*, 262 F. Supp. 3d 1079, 1085 (D. Or. 2017)(the "statute of limitations for claims under ORS 659A.203 is contained in ORS § 59A.875(1)-(2)") (quotation omitted)).  As noted, § 659A.820(2) requires a plaintiff to file a complaint with BOLI no "later than one year after the alleged unlawful practice."  Moreover, "[t]he filing of [a] BOLI complaint does not change the one-year requirement [found in § 659A.875(1)], but it allows an aggrieved employee an additional 90 days to file a civil action after BOLI issues its notice." *Bieker*, 2016 WL 3769753, at *6.

As with retaliation claims brought pursuant to § 659A.030(1)(f), courts have held incidents that occur outside of the limitations period cannot be used to support claims for whistleblower retaliation under § 659A.203.  *See, e.g., Bieker*, 2016 WL 3769753, at *7 ("Plaintiff's first complaint with BOLI was filed on August 25, 2014, and BOLI issued a Notice of Right to File a Civil Suit on August 20, 2015. . . .  Accordingly, Plaintiff's First Claim is barred by the statute of limitations in § 659A.875(1) to the extent that Plaintiff seeks to recover for events that occurred before August 25, 2013, more than one year prior to the filing of his BOLI complaint."); *Smeenk v. Faught*, No. 1:17-CV-01466-CL, 2019 WL 333545, at *4 (D. Or.

26 - OPINION AND ORDER

Jan. 25, 2019)("Plaintiff filed this lawsuit [alleging claims for
whistleblower retaliation in violation of § 659A.203] on
September 18, 2017.  Therefore, his claims for damages resulting
from the 2010 oral reprimand with an accompanying memorandum
. . . and the February 2015 performance memorandum . . . are
barred by the applicable statutes of limitations."); *Daniel*, 262
F. Supp. 3d at 1085 ("[T]here is no doubt that [the plaintiff's]
[claim under § 659A.203] would be timely . . . [as to] all
challenged events [that] occurr[ed] within one year of filing.");
*Kubinski v. Mt. Hood Cmty. Coll.*, No. 3:14-CV-1155-AC, 2016 WL
492765, at *12 (D. Or. Feb. 8, 2016)("As this conduct falls
outside the one-year statute of limitations for his state
whistleblower retaliation claims, [the plaintiff] is barred from
relying on this retaliatory conduct in support of such claims.").
In addition, as explained above, the continuing-tort doctrine
does not apply to retaliation claims such as those at issue here.
*See Mousleh*, 2012 WL 2574812, at *3.

        As noted, Plaintiff does not identify the date that she
filed her BOLI complaint.  Plaintiff, however, alleges in her
First Amended Complaint that she received a Notice of Right to
Sue on December 19, 2019.  The Court, therefore, can reasonably
infer on this record that Plaintiff did not file her complaint
with BOLI within one year of her 2014 complaint.  As a result,
the Court concludes the portion of Plaintiff's whistleblower

retaliation claim that is based on her 2014 is time-barred.

Accordingly, the Court grants Defendant's Motion to Dismiss that portion of Plaintiff's claim for retaliation in violation of Oregon Revised Statutes § 659A.203 that is based on her 2014 complaint.

**B.    Plaintiff has not alleged facts sufficient to establish that she made a "qualifying disclosure or report" within the meaning of Oregon Revised Statutes § 659A.203 related to her 2018 report.**

As to Plaintiff's whistleblower-retaliation claim based on her 2018 report, Defendant asserts Plaintiff fails to state a claim because she has not alleged facts sufficient to show that she made a qualifying report or disclosure to her supervisor and to the Clatsop County Human Resources Department within the meaning of § 659A.203.

Oregon Revised Statute § 659A.203(1)(b) provides:

> [I]t is an unlawful employment practice for any public or nonprofit employer to . . . take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:
>
> > (A) A violation of any federal, state or local law, rule or regulation by the public or nonprofit employer;
> >
> > (B) Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public or nonprofit employer.

To state a claim for whistleblower retaliation under

§ 659A.203 a plaintiff must "allege sufficient facts to show"

> (1) [she] engaged in a protected activity (*i.e.*,
> made a qualifying disclosure or report); (2) [she]
> suffered an adverse employment decision; and
> (3) there was a causal link between the protected
> activity and the adverse employment decision.

*Ewing v. City of Toledo*, No. 6:18-CV-01626-MK, 2020 WL 1845814,
at *15 (D. Or. Feb. 21, 2020), report and recommendation adopted,
No. 6:18-CV-01626-MK, 2020 WL 1821453 (D. Or. Apr. 10, 2020)
(citing *Brunozzi v. Cable Comm., Inc.*, 851 F.3d 990 (9th Cir.
2017)).  "Protected disclosures or reports may be made to either
internal or external authorities."  *Ewing*, 2020 WL 1845814, at
*15 (citing *Bjurstrom v. Oregon Lottery*, 202 Or. App. 162, 169,
172 (2005)).  "Under ORS 659A.203 . . . the employee must have an
objectively reasonable belief that she is reporting a violation
. . . of a state or federal law, rule or regulation" or
"[m]ismanagement, gross waste of funds or abuse of authority or
substantial and specific danger to public health and safety
resulting from action of the public or nonprofit employer."
*Manley v. Clackamas Cty. Sheriff's Office*, No. 3:18-CV-02060-MO,
2020 WL 363388, at *2 (D. Or. Jan. 21, 2020)(citing *Hall v.
State*, 274 Or. App. 445, 453 (2015)).

In *Bjurstrom v. Oregon Lottery* the Oregon Court of
Appeals examined what is considered "[m]ismanagement, gross waste
of funds or abuse of authority or substantial and specific danger
to public health and safety resulting from action of the public

or nonprofit employer" within the meaning of § 659A.203.  202 Or. App. 162 (2005).  In *Bjurstrom* the plaintiff brought an action against his employer alleging, among other things, that the defendant violated Oregon Revised Statutes § 659A.203 when it terminated Plaintiff "in retaliation for making intra-agency complaints on matters of agency policy and practice."  202 Or. App. at 164.  Specifically, the plaintiff alleged he was terminated in retaliation for "speaking out" about four issues:

> (1) Lottery's policy on the personal use of company-purchased safety shoes; (2) a Lottery manager's alleged harassment of a coworker; (3) Lottery's policy regarding what plaintiff regarded as excessive breaks by managers and the sale of decommissioned ladders; and (4) Lottery's human resources department's alleged incompetence.

*Id*.  The Oregon Court of Appeals concluded

> [the] plaintiff's complaints were not within the purview of the statute, that is, they do not amount to the "disclosure of any information that the employee reasonably believes is evidence of" either a violation of law or "[m]ismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state[.]" Plaintiff therefore cannot prevail as a matter of law.  Even if [the plaintiff] was fired because of his complaints and not because of his dishonesty and threatening conduct . . . the termination was not a violation of the Whistleblower Law.

*Id*. at 168-69.  The court explained

> protected disclosures of "mismanagement" are limited to disclosures of information similar in magnitude to the other listed categories.  Such disclosures . . . do not include routine complaints about policies that employees must implement or practices that employees do not like.

> Rather . . . the legislature intended
> "mismanagement" to refer to serious agency
> misconduct having the effect of actually or
> potentially undermining the agency's ability to
> fulfill its public mission.
>
>                     * * *
>
> Plaintiff's disclosure concerning the practice of
> prohibiting employees from wearing Lottery-owned
> shoes outside of working hours is a quotidian
> complaint concerning his employer's execution of
> discretionary Lottery policy, not mismanagement
> . . . . Plaintiff's complaints concerning
> Newton's disparaging comments to a colleague about
> his stature are slightly more of a problem.  If
> true, the report of the demeaning incident
> indicates an inappropriate interaction; however,
> it was  . . . not of a magnitude that could affect
> the agency's stewardship of public funds or its
> ability to fulfill its mission.

*Id*. at 173-74.

      Here Plaintiff alleges the following in support of her

whistleblower-retaliation claim as to her 2018 report:

> In August 2018, . . . Lt. Hanthorn falsely accused
> [Plaintiff] of mis-reporting her clock-in time
> . . . . [Plaintiff] complained to her immediate
> supervisor, Lisa Griggs, [about] Lt. Hanthorn's
> false accusation that she had mis-reported her
> clock-in time[.]  Ms. Griggs reviewed the relevant
> security camera footage and confirmed that
> [Plaintiff] had been truthful and Lt. Hanthorn's
> allegations were false.  On August 29, 2018,
> [Plaintiff] filed a written complaint with the
> Clatsop County Human Resources Department
> complaining of this and a long line of other
> incidents of Lt. Hanthorn's ongoing harassment.
>
> The County Human Resources Department . . .
> investigated and determined that [Plaintiff's]
> complaints were well founded and that Lt. Hanthorn
> had engaged in egregious unprofessional, abusive,
> and gender-biased behavior.

First Am. Compl. at ¶¶ 17-18.  Plaintiff's complaint to Griggs
and the Clatsop County Human Resources Department that Lieutenant
Hanthorn falsely accused Plaintiff of misreporting her clock-in
time is the kind of "quotidian complaint concerning [her]
employer's execution of" a policy of the Clatsop County Sheriff's
Office (*i.e.*, clocking in) that the court found in *Bjurstrom* did
not constitute what an employee could "reasonably believe[] to be
unlawful practices or policies, mismanagement, gross waste of
funds or abuse of authority, or substantial and specific danger
to public health and safety."  *Id*. at 175.  Plaintiff also
alleges she complained to Clatsop County Human Resources
Department about "a long line of other incidents of
Lt. Hanthorn's ongoing harassment," but Plaintiff fails to allege
any specific facts to support her complaints.  The Court is
unable to draw any reasonable inferences from Plaintiff's
conclusory allegations that she complained about matters that an
employee could objectively, reasonably believe were "unlawful
practices or policies, mismanagement, gross waste of funds or
abuse of authority, or substantial and specific danger to public
health and safety."  *See, e.g., Biggs,* 2019 WL 4575839, at *13
("[T]his allegation is too vague and conclusory to meet the
standards in either ORS 659A.199 or ORS 659A.203. . . .  [The
plaintiff] has not alleged what rules, laws or policies he
believed the City to have violated, nor has he alleged facts in

support of those beliefs.").

The Court concludes on this record that Plaintiff fails to allege sufficiently that she "engaged in a protected activity (*i.e.*, made a qualifying disclosure or report)" within the meaning of § 659A.203.  *See Ewing*, 2020 WL 1845814, at *15.

**C.   Plaintiff has not alleged facts sufficient to establish that she suffered an adverse employment decision within the meaning of Oregon Revised Statutes § 659A.203 related to her 2018 report.**

As to Plaintiff's 2018 report to her supervisor and to the Clatsop County Human Resources Department, Defendant asserts Plaintiff fails to state a claim for whistleblower retaliation because she has not alleged facts sufficient to show that she suffered an adverse employment decision within the meaning of § 659A.203.

As noted, to state a claim for whistleblower retaliation under § 659A.203 a plaintiff must "allege sufficient facts to show" that

> (1) [she] engaged in a protected activity (*i.e.*, made a qualifying disclosure or report); (2) [she] suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision.

*Ewing*, 2020 WL 1845814, at *15.  Plaintiff alleges after she complained to her supervisor and submitted her August 2018 report to Clatsop County Human Resources, "Lt. Hanthorn did not obey the directive to avoid [Plaintiff] and instead resumed her previous pattern of harassment.  In fact, Lt. Hanthorn intensified her

33 - OPINION AND ORDER

harassment of [Plaintiff] in retaliation for [Plaintiff's]
complaining of Lt. Hanthorn's behavior to Human Resources."
First Am. Compl. at ¶ 17.

The Court concludes Plaintiff's allegations are too
vague and conclusory to support an inference that Plaintiff
suffered any actionable adverse employment action.  The Court,
therefore, concludes on this record that Plaintiff has failed to
state a claim for whistleblower retaliation in violation of
Oregon Revised Statutes § 659A.203.  Accordingly, the Court
grants Defendant's Motion to Dismiss Plaintiff's Fourth Claim for
whistleblower retaliation.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#8)
to Dismiss Plaintiff's First Amended Complaint.  The Court also
**GRANTS** Plaintiff leave to file a Second Amended Complaint **no
later than June 8, 2020,** to cure the deficiencies set out in this
Opinion and Order.

IT IS SO ORDERED.

DATED this 6th day of May, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge